UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:13-CR-00020-FDW

| UNITED STATES OF AMERICA | ) |
| --- | --- |
| | ) |
| v. | ) |
| | ) **ORDER** |
| PEDRO OSCAR DEIGUEZ | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on Defendant's Motion for Compassionate Release. (Doc. No. 209.) This matter has been fully briefed (Doc. Nos. 213, 222, 224, 225, 226) and is ripe for ruling. For the reasons set forth below, Defendant's Motion is **DENIED**.

## I. BACKGROUND

In February 2013, a Grand Jury indicted Defendant Pedro Oscar Deiguez on three counts: (1) Conspiracy to Distribute Cocaine; (2) Conspiracy to Commit Money Laundering; and (3) Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime. (Doc. No. 44.) Two of Defendant's co-conspirators, Maximiliano Aguilar-Rodriguez and Juan Diego Aguilar-Preciado, entered into plea agreements by which they plead guilty to drug trafficking charges and the United States dismissed the remaining charges. (Doc. Nos. 45, 84.) They were sentenced to seventy months and forty-six months imprisonment, respectively. (Doc. No. 148, p. 4.) A jury convicted Defendant on Counts One and Two. (Doc. No. 112.) In January 2016, this Court sentenced Defendant to 400 months imprisonment on Count One and 240 months imprisonment on Count Two, to run concurrently. (Doc. No. 161.)

Defendant filed a motion for compassionate release, citing the following arguments as "extraordinary and compelling" reasons supporting a sentence reduction: (1) his sentence is longer

1

than the average sentence for murder and he will be 76 years old as of his projected release date; (2) he has an increased risk of contracting COVID-19 while incarcerated; and (3) his disciplinary history and educational achievements demonstrate rehabilitation. (Doc. No. 209, pp. 3–4; Doc. No. 222, p. 3.) Defendant also argues the sentencing disparity between himself and his co-Defendants and his status as a first-time offender support his request. This Court construes those arguments as reasons why the § 3553(a) factors weigh in favor of a sentence reduction. Id. For the reasons set forth below, the Court disagrees and finds neither extraordinary and compelling reasons nor the § 3553(a) factors support compassionate release in this matter.

## II. STANDARD OF REVIEW

Defendant's motion seeks a reduction in his sentence in under 18 U.S.C. § 3582(c)(1)(A). A defendant may seek a modification of his sentence from the court under § 3582(c)(1)(A) for "extraordinary and compelling reasons" if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." If a defendant has administratively exhausted a claim for release (or the Government does not contest the exhaustion requirement),[1] the district court generally conducts a two-step inquiry when deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A). United States v. Bond, 56 F.4th 381, 383 (4th Cir. 2023).

First, the court determines whether the defendant is eligible for a sentence reduction. "A defendant is eligible if the court finds 'extraordinary and compelling reasons warrant such a reduction,'" id. (quoting § 3582(c)(1)(A)), and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). In 2023, the

---

[1] United States v. Muhammad, 16 F.4th 126, 130 (4th Cir. 2021) (recognizing the exhaustion requirement in § 3582(c)(1)(A) is not jurisdictional, and it may be waived or forfeited).

United States Sentencing Commission amended its policy statement to apply to defendant-filed motions for compassionate release, as permitted under the First Step Act of 2018, and expanded the list of circumstances sufficient to support such a motion under § 3582(c)(1)(A). See United States Sent'g Guidelines § 1B1.13. The amendments became effective on November 1, 2023. Id. While drafting the new policy statement, the Sentencing Commission considered case law developed after the enactment of the First Step Act in the absence of a binding policy statement. See United States Sent'g Guidelines Manual § 1B1.13 amend. 814 (Supp. to App. C 2023) (discussing Amendment 814 in light of the Supreme Court's decision in Concepcion v. United States, 142 S. Ct. 2389 (2022)). While Defendant filed his Motion before the amendment became effective, this Court will evaluate the Motion under the current policy statement. See United States v. Davis, No. 21-7325, 2024 WL 1662931, at *9 (4th Cir. Apr. 18, 2024) (directing the District Court to conduct a factual inquiry under the new policy statement on remand).

"Second, the court considers 'the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable.'" Bond, 56 F.4th at 384 (quoting 18 U.S.C. § 3582(c)(1)(A)) (citing United States v. Kibble, 992 F.3d 326, 331(4th Cir. 2021)). 18 U.S.C § 3553(a) requires the court to "impose a sentence sufficient, but not greater than necessary" to comply with the basic aims of the statute. In considering whether a reduced sentence is warranted given the applicable § 3553(a) factors, the court considers, among others: "the nature and circumstances of the offense;" "the history and characteristics of the defendant;" the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner;" the kinds of sentences available and sentencing ranges; and "the need to avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a). Notwithstanding the existence of

"extraordinary and compelling reasons," the court retains the discretion to deny a defendant's motion after balancing the applicable 18 U.S.C. § 3553(a) factors. United States v. High, 997 F.3d 181, 186 (4th Cir. 2021) ("[I]f a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction.").

Defendant submitted a supplemental exhibit documenting his request to the warden at F.C.I. Bennettsville to submit a motion for compassionate release, (Doc. No. 209, pp. 3–8), and the Government does not contest that Defendant exhausted his administrative remedies. (Doc. No. 43). Thus, the Court's analysis turns to whether Defendant presents extraordinary and compelling reasons supporting his release or a sentence reduction in light of the applicable § 3553(a) factors.

## III. ANALYSIS

Defendant argues the following, taken collectively, constitute "extraordinary and compelling" reasons for the Court to grant his motion for compassionate release: (1) his sentence is longer than the average sentence for murder and he will be 76 years old as of his projected release date; (2) he has an increased risk of contracting COVID-19 while incarcerated; and (3) his disciplinary history and educational achievements demonstrate rehabilitation. Regarding the § 3553(a) factors, Defendant argues the sentencing disparity between himself and the other co-defendants and his status as a first time, non-violent offender warrant a sentence reduction. For the reasons discussed below, this Court disagrees on both issues.

First, Defendant argues a sentence reduction is warranted because his sentence is longer than the average sentence for murder and he will be 76 years old as of his projected release date. Defendant's comparison is unpersuasive. Defendant's guideline term of imprisonment in this case was life. (Doc. No. 153; Doc. No. 148, p. 11.) Upon further consideration of the factors set forth

in 18 U.S.C. § 3553(a), this Court varied downward and imposed a sentence of 400 months. (Doc. No. 161.) His sentence, although substantial, remains within the sentencing guidelines, and he points to no intervening change in law that would "produce a gross disparity" between the sentence he is serving and the sentence likely to be imposed today. See United States Sent'g Guidelines § 1B1.13(b)(6).

With respect to the length of his sentence, Defendant also argues a sentence reduction is warranted because he will be 76 years old when released. Again, this Court disagrees. Defendant's age can be considered as an extraordinary and compelling reason if he is "(A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." § 1B1.13(a)(2). Defendant is not yet 65. Therefore, extraordinary and compelling reasons do not support a sentence reduction under the applicable policy statement based on the length of Defendant's sentence.

Second, Defendant argues the threat of the COVID-19 virus constitutes an extraordinary and compelling reason to reduce his sentence. The policy statement now in effect authorizes the Court to find "extraordinary and compelling" reasons support release where a defendant is housed at a correctional facility "affected or at imminent risk of being affected by an ongoing outbreak of infectious disease" or public health emergency as declared by the appropriate authorities, personal health risk factors increase the defendant's "risk of suffering severe medical complications or death" as a result of the disease or public health crisis, and that risk "cannot be adequately mitigated in a timely manner." United States Sent'g Guidelines § 1B1.13(b)(1)(D). In May 2023, the federal government ended the national state of emergency to respond to COVID-19. National Emergencies Act, Pub L. No. 118-3 118-3, 137 Stat. 6 (2023). Furthermore, Defendant is not housed at a

correctional facility "affected or at imminent risk of being affected" by an ongoing COVID-19 outbreak. Currently, F.C.I. Bennettsville only reports three active cases of COVID-19 out of a total population of 1,666. See https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last visited May 22, 2024). On this record, the COVID-19 virus does not present an extraordinary and compelling reason to reduce Defendant's sentence.

Third, Defendant highlights his disciplinary and educational achievements while incarcerated as reasons to consider compassionate release. While Defendant's efforts are commendable, these measures alone cannot warrant consideration for compassionate release. See 28 U.S.C. § 994(t); see also United States v. Davis, No. 21-6960, 2022 WL 127900, at *1 (4th Cir. Jan. 13, 2022) ("The only limitation [on the district court] is the statutory prohibition that rehabilitation alone cannot constitute an extraordinary and compelling reason for release."). Because Defendant's other arguments do not meet the standard required under 18 U.S.C. § 3582(c)(1)(A)(i), his rehabilitation efforts do not warrant consideration for release.

Even presuming Defendant has sufficiently met his burden of establishing "extraordinary and compelling" reasons support a sentence reduction, the Court must still weigh the applicable § 3553(a) factors to determine if a sentence reduction is warranted. High, 997 F.3d at 186 ("[I]f a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction. Rather, it must 'consider[ ]' the § 3553(a) sentencing factors 'to the extent that they are applicable' in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment."). In considering the § 3553(a) sentencing factors applicable here, Defendant highlights the sentencing disparity between himself and the other co-defendants and his status as a first time, non-violent offender. For the reasons discussed below, the § 3553(a) factors as a whole weigh against a sentence reduction.

First, Defendant argues a sentence reduction is warranted because of the disparity between the sentence imposed on him and the other co-defendants. After entering they entered into plea agreements, this Court sentenced the co-defendants in this case to seventy months and forty-six months imprisonment. (Doc. No. 148, p. 4.) However, Defendant's record is dramatically different from his co-conspirators. Defendant was responsible for a substantially larger amount of cocaine, and neither co-defendant acted as an organizer or leader in the conspiracy. (Doc. No. 148, pp. 4–7.) Moreover, the Fourth Circuit determined that "Dieguez and his coconspirators were not similarly situated" when Defendant made this same argument in a prior appeal. United States v. Dieguez, 633 Fed. App'x 106, 112 (4th Cir. 2015). Therefore, this sentencing disparity does not support a sentence reduction.

Second, Defendant argues a sentence reduction is warranted because he is a first time, non-violent offender. However, this factor was already considered by this Court. Indeed, although the Guidelines recommended a life sentence, this Court recognized Defendant's lack of a criminal record when varying downward to a sentence of 400 months. (Doc. No. 148, p. 9.) Therefore, Defendant's status as a first time, non-violent offender does not support a sentence reduction.

Although Defendant has no prior criminal record, his conviction resulted from leading and organizing a significant cocaine-distribution conspiracy for many years, (Doc. No. 148, p. 4.) Furthermore, he used his home and business to engage in drug trafficking and to launder drug trafficking proceeds. (Doc. No. 148, p. 4.) These facts, combined with the need to protect the public, the need for deterrence, and the need to promote respect for the law, all weigh against reducing Defendant's sentence.

In sum, even if Defendant had represented an "extraordinary and compelling reason" to reduce his term of imprisonment, the Court's consideration of the applicable § 3553(a) factors

7

counsels against a sentence reduction in this case. The Court, therefore, denies Defendant's Motion for Compassionate Release.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release, (Doc. No. 209), is **DENIED**.

**IT IS SO ORDERED.**

Signed: May 31, 2024

Frank D. Whitney
United States District Judge